# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** ) | |
| **COMMISSION, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | CIVIL ACTION |
| ) | |
| ) | Case No. 05-2404-KHV |
| **NEWMAN UNIVERSITY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

The Equal Employment Opportunity Commission ("EEOC") has filed suit, alleging that Newman University ("Newman") discriminated against Marla Sexson on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. The matter is before the Court on <u>Defendant's Request For Determination That Wichita, Kansas Be The Designated Location For The Docketing, Maintenance, And Trial Of This Case</u> (Doc. #11) filed October 25, 2005. For reasons stated below, defendant's motion is overruled.

## Legal Standards

D. Kan. Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering motions for intra-district transfer, the courts of this district have generally looked to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[1] See Bauer v. City of De Soto, Ks., No. 04-4027-JAR,

---

[1] Under 28 U.S.C. § 1404, "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court recognizes that the
(continued...)

2004 WL 2580790, at *1 (D. Kan. Nov. 3, 2004); Hartwick v. Lodge 70 Int'l, No. 99-4139-SAC, 2000 WL 970670, at *1 (D. Kan. June 16, 2000) (citing Aramburu v. Boeing Co., 896 F. Supp. 1063, 1064 (D. Kan. 1995); Curtis 1000, Inc. v. Pierce, No. 94-4086 RDR, 1994 WL 478744, at *1 (D. Kan. Aug. 25, 1994)). In evaluating a transfer under Section 1404(a), the Court considers plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and "all other considerations of a practical nature that make a trial easy, expeditious and economical." Hartwick, 2000 WL 970670, at *1 (citing Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515-16 (10th Cir. 1991)). "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." Id. (citing Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992) (quotations and citations omitted)). Furthermore, except for the most compelling reasons, cases are generally not transferred between cities. Bauer, 2004 WL 2580790, at *1. The moving party bears the burden of proving that the existing forum is inconvenient. Id.

## Analysis

Newman argues that trial should be in Wichita because the case is factually centered in Wichita and the majority of witnesses reside there. The EEOC responds that Newman has not shown that Kansas City is an inconvenient forum. The EEOC is located in Kansas City. It handled the investigation from its Kansas City office. The attorneys for all parties are in Kansas City. The EEOC also argues that it is premature to determine where witnesses will come from because the parties have not yet exchanged witness lists. Sexson asserts similar arguments as the EEOC, and further contends that the location of documentary

---

[1](...continued)
statute is inapplicable on its face as Kansas comprises only one judicial district and division. The statute provides, however, that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c).

evidence is irrelevant.

## I. Plaintiff's Choice Of Forum

Newman argues that the balance of the factors overrides the EEOC's choice of forum. Specifically, Newman argues that Sexson does not reside in Kansas City. Neither party disputes this fact, but the EEOC, who originally filed suit, resides in Kansas City and its only Kansas office is located in the metropolitan area.

Plaintiff's choice of forum is entitled to great deference. Scheidt, 956 F.2d at 965. Where plaintiff's choice of forum is not its residence, that consideration is given much less weight. Wichita Investors, LLC v. Wichita Shopping Ctr. Assocs., No. 02-2186-CM, 2002 WL 1998206, at *1 (D. Kan. Aug. 7, 2002) (citing Ervin & Assocs., Inc. v. Cisneros, 939 F. Supp. 793, 799 (D. Colo. 1996)).

Here, the original plaintiff is located in Kansas City. Sexson, the intervenor-plaintiff, resides near Wichita and does not object to Kansas City as the location for trial. Defendant's argument that plaintiff does not reside in Kansas City is not compelling.

## II. Convenience And Accessibility Of The Witnesses

Newman argues that most witnesses and sources of proof are located in Wichita. Plaintiffs respond that Newman's argument is speculative and premature because witness lists and Rule 26(a) disclosures have not been exchanged. The parties do not contend that witnesses and documents will be inaccessible if trial is held in Kansas City. The Court cannot effectively evaluate this factor until discovery has been completed and final witness lists have been filed. See Biglow v. Boeing Co., 174 F. Supp.2d 1187, 1195 (D. Kan. 2001) (motion to determine place of trial premature until discovery complete and scope of trial determined).

### III.    Fair Trial

Newman argues that a fair trial can be had in Wichita, but does not argue that a fair trial cannot be had in Kansas City. Sexson notes that the Wichita media has covered this case, but does not contend that she could not receive a fair trial in Wichita. This factor does not clearly weigh in favor of any party or location.

### IV.    Other Considerations

Newman contends that because the case is in an early stage, transfer will not cause unnecessary delay or prejudice any party. The Court agrees that no unnecessary delays would result from transfer at this time.

Defendant also argues that the location of the parties' counsel is not a prominent factor in determining transfer. Convenience of counsel is given little if any weight. See Studdard v. Connaught Labs., Inc., 793 F. Supp. 291, 292 (D. Kan. 1992); see, e.g., Aramburu, 896 F. Supp. at 1063 (location of plaintiff's counsel in Topeka not sufficient to support trying case in Topeka when witnesses and evidence located in Wichita).

After considering all factors, the Court finds that Newman has not set forth a compelling case for transfer. At this time, the Court cannot conclude that the balance of factors strongly outweighs plaintiff's choice of forum. The Court therefore overrules defendant's motion.

**IT IS THEREFORE ORDERED** that <u>Defendant's Request For Determination That Wichita, Kansas Be The Designated Location For The Docketing, Maintenance, And Trial Of This Case</u> (Doc. #11) filed October 25, 2005, be and hereby is **OVERRULED**.

Dated this 4th day of January, 2006 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge