```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS

EQUAL EMPLOYMENT OPPORTUNITY      )
COMMISSION,                       )
                                  )
          Plaintiff,              )
                                  )
and                               )
                                  )
MARLA SEXSON,                     )
                                  )
          Plaintiff-Intervenor    )
                                  )
     v.                           )   Case No. 05-2404-KHV
                                  )
NEWMAN UNIVERSITY,                )
                                  )
          Defendant.              )
```

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission has instituted this action alleging that Defendant Newman University ("Newman") refused to promote Marla Sexson ("Sexson") on the basis of her sex, and then retaliated against Sexson when she made a protected complaint of discrimination, both in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.  Plaintiff-Intervenor Sexson has intervened in this action, alleging that Newman discriminated against her on the basis of sex, retaliated against her when she made a protected complaint of discrimination, created a hostile work environment on the basis of sex, and constructively discharged her employment, all in violation of Title VII, and that Newman

invaded Sexson=s privacy and committed the tort of outrage in violation of Kansas law.  Newman has denied Sexson's allegations and has specifically denied violation of any of Sexson's legal rights.  For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay and burden of further litigation, understanding that by entering into this Consent Decree Newman is not admitting any liability or wrongdoing whatsoever.

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of Title VII and Kansas law will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

**I.   NON-DISCRIMINATION AND NON-RETALIATION**

1.   In all matters arising from or relating to employment, Newman and its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with

them, or any of them, shall not engage in any employment practice which unlawfully discriminates against an employee or applicant under Title VII of the Civil Rights Act of 1964.

    2.   Newman, its officers, agents, employees, successors, assigns, and all those in active concert or participation with them, or any of them, shall not engage in reprisal or retaliation of any kind against any person because such person:

        a.   opposed any practice made unlawful under Title VII;

        b.   filed a charge of discrimination with the Commission or a state agency or testified or participated in any manner in any investigation, proceeding, or hearing under Title VII;

        c.   requested and/or received relief in accordance with this Consent Decree;

        d.   participated in any manner in this action or in the investigation giving rise to this action; or

        e.   asserted any rights under this Consent Decree.

**II.  MONETARY RELIEF**

    3.   Within fifteen (15) days after this Decree is approved by the Court, Newman will forward to Michael M. Shultz a check made payable to him in the amount of Sixty Two Thousand Sixty Six Dollars and Forty Six Cents ($62,066.46) and a separate check to

Marla Sexson in the amount of One Hundred Twenty Thousand Four Hundred Thirty Three Dollars and Fifty Four Cents ($120,433.54). Shultz and Sexson shall each provide Newman a Form W-9 and Newman shall issue a Form 1099 to Shultz and to Sexson for the payments.

**III. INJUNCTIVE RELIEF**

4.   Within thirty (30) days of entry of this Decree, Newman will revise its anti-discrimination policy prohibiting discrimination on the basis of sex in hiring, firing, work assignment, pay, evaluation, promotion or any other term or condition of employment; harassment or creation of a hostile work environment on the basis of sex and retaliation against any employee who opposes any practice declared unlawful under Title VII, including filing a charge, giving testimony or assistance, or participating in any investigation, proceeding or hearing under Title VII.  Newman will revise its procedures for the reporting of complaints of discrimination to include multiple avenues for reporting and to require management employees to report all instances of discrimination to the VPHR or other appropriate officials.  Such procedures shall provide for an avenue of reporting complaints of discrimination against the President directly to the Chairman of the Board of Trustees. Newman will discipline, up to and including termination, any employee who fails to adhere to the Newman=s anti-discrimination

4

policy and will include adherence to the anti-discrimination policy in its evaluations of administrative and supervisory personnel.

5.   Within ninety (90) days of this agreement, Newman will inform all employees in writing of the anti-discrimination policy, reporting procedures, and disciplinary procedures set forth in paragraph 4.  Newman will require each employee to sign a stipulation that the policy has been read and understood.  All new hires will, within fourteen (14) days of hire, receive the anti-discrimination policy, reporting procedures, and disciplinary procedures set forth in paragraph 4 and will sign a stipulation that the policy has been read and understood.

6.   Within ninety (90) days of this agreement, all administrative and supervisory employees will attend a minimum of 4 hours of training on federal and state statutes prohibiting discrimination in employment, including at least one hour on the topic of prohibited discrimination in promotion, pay, and terms and conditions of employment.  The training will include interactive components.  This training will be repeated on an annual basis.

7.   Within fifteen (15) days of this agreement, Newman will place copies of Sexson's Charges of Discrimination and this

Consent Decree in former President Aidan O. Dunleavy's permanent personnel file.

8. Newman will continue to employ a full-time Vice President of Human Resources ("VPHR") who shall report to the President. The VPHR will have an educational and / or professional background in human resources or personnel management and compliance with federal and state statutes prohibiting discrimination in employment. Newman will designate the VPHR as the University official responsible for training and compliance with the University's anti-discrimination policies and procedures. The VPHR will also deliver to each member of the Executive Committee of Newman's Board of Trustees a copy of this Decree and copies of all reports required by this Decree.

9. The VPHR will have responsibility for the maintenance of all personnel files for the University. No files (other than files relating to faculty academic issues to be maintained under the direction of the Provost) will be maintained on any employee other than the official file maintained by the VPHR.

10. Upon inquiry regarding Sexson and her employment at Newman, Newman will provide only the following information: Sexson's dates of employment and positions held at Newman.

Newman will provide no additional information on Sexson unless compelled by legal process.

**IV.   POSTING AND NOTICES**

11.   Newman will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. ' 1601.30.

12.   Newman will post and cause to remain posted during the term of this Consent Decree copies of the notice attached as Exhibit A in public locations viewable by all employees.

**V.   MONITORING AND REPORTING**

13.   At any time during the effect of this Consent Decree, the Commission=s Regional Attorney in its St. Louis District Office may request in writing from the VPHR a report, including supporting documentation, regarding the University=s continued compliance with any term of this Decree.  The University will provide such reports, as requested, within a reasonable amount of time, not to exceed thirty (30) days after the request is made.

14.   Upon reasonable, written notice to the University, the EEOC may conduct random interviews, file reviews and copy documents to monitor compliance with this Decree.

15.   Within ninety (90) days after this Consent Decree is entered by the Court, Newman will prepare and submit to the Commission=s Regional Attorney in its St. Louis District Office a

copy of the checks forwarded to Michael M. Shultz and Marla Sexson as described in paragraph 3 above and a letter stating that all obligations imposed on Newman by this Consent Decree have been fulfilled and describing the manner and dates on which such compliance was effected.

16. On a semi-annual basis after this Consent Decree is approved by the Court, Newman will prepare and submit to the Commission=s Regional Attorney in its St. Louis District Office a list of all non-faculty personnel who were denied promotion, terminated or laid off, whose position was restructured or eliminated, or who involuntarily resigned or retired during the previous six months.  This list will include each such individual=s name; home address; home telephone number; date of separation; a brief description of the reason for separation; and the name of each person involved in the employment decision.  If no individuals exist in these categories for the previous six months, Newman will so inform the Commission=s Regional Attorney in its St. Louis District Office.

17. On a quarterly basis after this Consent Decree is entered by the Court, Newman will prepare and submit to the Commission=s Regional Attorney in its St. Louis District Office a list of all employees who have complained of or reported any discrimination in employment on the basis of sex during that

quarter.  This list will include each such individual=s name; home address; home telephone number; nature of the individual=s complaint; name of individual who received the complaint or report; date complaint or report was received; description of Newman=s actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions.  If no individuals have complained of or reported any discrimination in employment on the basis of sex during that quarter, Newman will so inform the Commission=s Regional Attorney in its St. Louis District Office.

**V.    TERM AND EFFECT OF DECREE**

18.  By entering into this Consent Decree the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than the charge that created the procedural foundation for the complaint in this case.

19.  This Consent Decree will be binding upon the parties hereto, their successors and assigns.

20.  This Consent Decree will be for a period of three (3) years and can be extended by the Court for good cause shown. During the Consent Decree=s term the Court will retain jurisdiction of this cause for purposes of compliance.

21.  Each party will bear its own costs.

BY CONSENT:

FOR PLAINTIFF:

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Robert G. Johnson
_____
ROBERT G. JOHNSON
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7910 (phone)
(314) 539-7895 (fax)
bob.johnson@eeoc.gov (e-mail)

/s/ Andrea G. Baran
_____
ANDREA G. BARAN      MO # 46520
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
(913) 551-5848 (phone)
(913) 551-6957 (fax)
andrea.baran@eeoc.gov (e-mail)

FOR PLAINTIFF-INTERVENOR:

/s/ Michael M. Shultz
_____
MICHAEL M. SHULTZ           KS #18093
Law Firm of Michael M. Shultz
7270 W. 98th Terrace
Suite 220
Overland Park, KS 66212
tel.: 913-385-9955
fax: 913-385-9977
e-mail: shultz@shultzlawfirm.com

FOR DEFENDANT:

/s/ Stanley D. Davis
_____
STANLEY D. DAVIS           KS #12352
DANA M. MEHRER             KS #78001
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
tel.: 816-474-6550
fax: 816-421-5547
sddavis@shb.com (e-mail)
dmehrer@shb.com (e-mail)

SO ORDERED:

Dated:   March 13, 2006

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
UNITED STATES DISTRICT JUDGE

EXHIBIT A

**NOTICE TO EMPLOYEES AND JOB APPLICANTS**
(on University letterhead)

This Notice is posted as part of a remedy agreed to pursuant to a Consent Decree entered in the case of *Equal Employment Opportunity Commission (EEOC) v. Newman University*, Case No. 05-2404-KHV, on file in the United States District Court for the District of Kansas in Kansas City. The agreed remedy as set forth in the Consent Decree includes revision of Newman's Human Resources department and discrimination policies and procedures; training to its staff regarding federal and state statutes prohibiting employment discrimination; notice of rights to employees and job applicants; reporting requirements; and agreement by Newman University to not discriminate on the basis of sex in hiring, firing, work assignments, pay, promotion or other terms or conditions of employment.

Federal law prohibits discrimination against any employee because of race, national origin, color, religion, sex, disability or age (forty and over) with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against persons who complain of or oppose practices they believe are discriminatory on the basis of race, national origin, color, religion, sex, disability or age (forty and over), and it prohibits retaliation against persons who file charges with the EEOC, or who participate in or cooperate with an EEOC investigation.

Newman University supports and will comply with such federal law in all respects and will not take any action against employees because they have exercised their rights under the law. Specifically, Newman University will not tolerate discrimination in employment, nor will it tolerate retaliation against any employee for exercising rights under law.

Employees or job applicants should feel free to report instances of discriminatory treatment to the Vice President of Human Resources at any time. Newman University has established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation, including retaliation by the person allegedly guilty of the discrimination. Individuals are also free to make complaints

11

about employment discrimination to the Office of the Regional Attorney, United States Equal Employment Opportunity Commission, Kansas City Area Office, 400 State Avenue, Suite 905, Kansas City, KS 66101 (Attention: Andrea G. Baran, Senior Trial Attorney) or by telephone to (913) 551-5848 or e-mail to andrea.baran@eeoc.gov.

**PROPOSED 12/2/05**